## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| DARIUS HANDY,<br><br>    Plaintiff,<br><br>v.<br><br><br>UPGRADE, INC. and EQUIFAX INFORMATION SERVICES LLC,<br><br>    Defendants | **Civil Action Number:**<br><br><br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR CREDIT REPORTING ACT**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff, Darius Handy, brings this action against Defendants Upgrade, Inc. and Equifax Information Services LLC, and alleges as follows:

### I.    INTRODUCTION

1. This action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

2. Defendants reported materially false information on Plaintiff's credit report. Defendants incorrectly reported Plaintiff had a past due balance of $10,979, an outstanding balance of $10,979, and the account status as charged off.

3. This information is inaccurate; Plaintiff satisfied the debt. Defendant Upgrade had released the lien securing the debt and the debt was settled on or around October 2, 2025. Plaintiff has a zero balance and zero past due amount on the account.

4. Plaintiff disputed the inaccurate reporting with Defendant Equifax Information Services, LLC by certified mail and provided documentation proving the correct account status and zero balance.

5.      Despite receiving Plaintiff's disputes and supporting evidence, Defendant Equifax Information Services, LLC failed to conduct reasonable reinvestigations and continued to publish the inaccurate information.

6.      Defendant Upgrade, Inc. failed to conduct a reasonable investigation after receiving notice of Plaintiff's disputes from the consumer reporting agency and incorrectly verified the false balance, false past due balance, and false account status as accurate.

7.      As a result of Defendants' conduct, Plaintiff suffered credit denial, credit score suppression, emotional distress, out of pocket expenses, and other damages.

## II.      JURISDICTION & VENUE

8.      This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

9.      Venue is proper in this District because Defendant Equifax Information Services, LLC has headquarters in this district and both Defendants regularly conduct business in this District, Plaintiff's consumer reports were published to creditors located in this District, and adverse credit decisions based on those reports were made within this District.

## III.      PARTIES AND SERVICE

10.      Plaintiff Darius Handy is a natural person and a resident of Brazoria County, Texas.

11.      At all times material hereto, Plaintiff is a "Consumer," as defined under 15 U.S.C. § 1681a(c).

**Defendant Upgrade, Inc.**

12.      Defendant Upgrade, Inc. ("Upgrade") is a furnisher of consumer information within the meaning of the Fair Credit Reporting Act.

13.      Upgrade is a corporation headquartered at 275 Battery Street, 23rd Floor, San Franscico, California.

14.     Upgrade may be served with process through its registered agent, C T Corporation at 289 S. Culver, St. Lawrenceville, Georgia 30046.

15.     Upgrade regularly furnishes information concerning consumers and their alleged debts to consumer reporting agencies for inclusion in consumer reports, as that term is defined in 15 U.S.C. § 1681a(d).

**Defendant Equifax Information Services LLC**

16.     Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

17.     Equifax maintains its principal place of business at 1550 Peachtree Street NE, Atlanta, Georgia 30309, and regularly conducts business within this District.

18.     Equifax may be served with process through its registered agent, Corporation Service Company located at 2 Sun Court, Ste. 400, Peachtree Corners, Georgia 30092.

19.     Equifax assembled, evaluated, and disseminated consumer information for the purpose of furnishing consumer reports to third parties for monetary compensation, as defined by 15 U.S.C. § 1681a(d).

## IV.    FACTUAL ALLEGATIONS

20.     Plaintiff took out a personal loan with Defendant Upgrade, Inc. on or around June 28, 2021. As a result of financial hardship, Plaintiff temporarily defaulted on the loan.

21.     As a result of the default, Defendant Upgrade placed a lien on Plaintiff's home. Proceeds from the sale of the home were used to pay down the debt.

22.     On September 12, 2025, Defendant Upgrade's attorney offered to settle the debt in full for $8,500.

23. On or about October 2, 2025, Plaintiff made the $8,500 payment in full via Defendant Upgrade's own payment portal.

24. Upon payment of the outstanding debt and the sale of the home, Plaintiff satisfied the lien and Upgrade's attorney released the lien on October 23, 2025.

25. On February 2, 2026, Upgrade's attorney sent Plaintiff correspondence confirming that the account was settled in full as agreed upon by Plaintiff and Defendant Upgrade.

26. On March 10, 2026, Defendant Upgrade's attorney filed a Satisfaction of Judgment in Harris County Civil Court Cause No. 1198287 confirming that Plaintiff's debt was paid in full in the sum of $26,375.74.

27. Between October 2025 and November 2025, Plaintiff was in the process of buying a new home. During the mortgage application process, Plaintiff became aware that the Upgrade account was misreported on Plaintiff's Equifax credit report.

28. Defendant Upgrade furnished information to Equifax erroneously reporting that Plaintiff owed a past due balance of $10,979, an account balance of $10,979, and an account status showing the debt as charged off.

29. Defendant Equifax published the Upgrade tradeline reporting that Plaintiff owed a past due balance of $10,979, an account balance of $10,979, and an account status showing the debt as charged off on its credit report.

30. The tradeline account was materially false and inaccurate.

31. Credit reports from credit reporting agencies such as Trans Union, LLC and Experian Information Solutions, Inc. accurately report the satisfied Upgrade account.

32.    On or about November 24, 2025, Plaintiff disputed the tradeline to Defendant Equifax. On December 18, 2025, Defendant Equifax issued dispute results finding the tradeline account was reported accurately.

33.    On or about December 26, 2025, Plaintiff disputed the tradeline to Defendant Equifax. On January 13, 2026, Defendant Equifax issued dispute results finding the tradeline account was reported accurately.

34.    On or about January 18, 2026, Plaintiff again disputed the tradeline to Defendant Equifax. On February 2, 2026, Defendant Equifax issued dispute results finding the tradeline account was accurate.

35.    On February 12, 2026, Plaintiff disputed the tradeline to Defendant Equifax by certified mail. This time, Defendant Equifax sent a correspondence to Plaintiff on February 21, 2026 admonishing Plaintiff for filing a "frivolous" dispute and bluntly told Plaintiff it would not research the dispute.

36.    The disputes included Plaintiff's government-issued identification, Social Security card, proof of address, release of lien paperwork, and email confirmation of received funds from Defendant Upgrade's own legal team.

37.    Plaintiff clearly and patiently explained in each dispute that the reported balance and past due amount of $10,979 was false and that the account was paid and satisfied.

38.    Plaintiff also included the direct contact of Defendant Upgrade's own legal team for Defendant Equifax and Defendant Upgrade to contact and verify for themselves.

39.    Defendant Equifax received Plaintiff's dispute and supporting documentation but failed to conduct a reasonable reinvestigation. After receiving three disputes, Defendant Equifax refused to

investigate the dispute any further and called Plaintiff's dispute "frivolous" despite having documentary proof to the contrary.

40. Defendant Equifax and Defendant Upgrade both had the direct contact information for Upgrade's legal team, responsible for the release of lien, collection of funds, and February 2, 2026 correspondence confirming the settled debt.

41. Inexplicably, Defendant Upgrade sent a correspondence to Plaintiff on February 2, 2026, finding that the disputed account was correctly reported to Defendant Equifax. This is the same day Defendant Upgrade's own legal team sent correspondence to Plaintiff confirming full satisfaction of the debt.

42. On February 6, 2026, Plaintiff was denied a Truist Credit Card account by Truist Bank.

43. Truist based its decision on Plaintiff's Equifax credit report and cited "Excessive Obligations in Relation to Income" as the determinative factor for denying Plaintiff credit opportunity.

44. Truist disclosed that Plaintiff's Equifax-based FICO score was 675, calculated on February 6, 2026.

45. The inaccurate Upgrade tradeline materially depressed Plaintiff's Equifax-based credit score and contributed to the denial of credit.

46. Defendant Equifax continued to publish the inaccurate Upgrade tradeline account after receiving Plaintiff's disputes.

47. After receiving notice of Plaintiff's disputes from the consumer reporting agencies, Defendant Upgrade was required to conduct a reasonable investigation under 15 U.S.C. § 1681s-2(b).

48.     The inaccurate Upgrade tradeline was published on Plaintiff's Equifax credit report prior to any disputes being submitted and was harming Plaintiff's credit profile before the reinvestigation process began.

49.     Defendant Upgrade failed to confirm the status of Plaintiff's account, failed communicate with its own legal team tasked with collecting debt, and refused to reasonably review any underlying documentation reflecting the satisfied debt, including but not limited to public lien records and its own attorneys' correspondences.

50.     Defendant Upgrade verified the false $10,979 balance to Defendant Equifax despite having no records supporting that amount.

51.     Defendant Upgrade verified the false $10,979 balance as a past due amount to Defendant Equifax despite its own records and legal documents confirming the fully settled debt.

52.     Defendant Upgrade's verification caused the credit report agency to continue reporting inaccurate information after at least three disputes made by Plaintiff.

53.     The inaccurate Upgrade tradeline contributed to the denial of credit.

54.     As a result of Defendants' conduct, Plaintiff suffered credit denial, credit score suppression, emotional distress, frustration, and loss of credit opportunities.

55.     Plaintiff also incurred out-of-pocket expenses, including postage and certified mail costs, in attempting to correct the inaccurate reporting. Through the confusion, Plaintiff made additional, unnecessary payments in a good faith attempt to resolve a debt that he had already paid off.

## V.     CAUSES OF ACTION

### COUNT I
### Negligent Violation of 15 U.S.C. § 1681e(b)
(Against Equifax)

56.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

57.    Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

58.    Under 15 U.S.C. § 1681e(b), Defendant Equifax was required to follow reasonable procedures to assure maximum possible accuracy of the information they reported about Plaintiff.

59.    Defendant Equifax published an account furnished by Defendant Upgrade, Inc. reporting that Plaintiff had an outstanding and past due balance of $10,979.00. In the report, Defendant published a Charge Off Amount of $24,763 and the Account Status as "Charge Off". Defendant published that last date of payment as October 2, 2025.

60.    The reported balance of $10,979 was materially false because the account has a $0.00 balance. There is $0.00 past due on the account. The status of the account should be "Paid", "Satisfied", or "Settled."

61.    Plaintiff filed multiple disputes with Defendants and included extensive documentation about the status of the account. Included in these documents was a Release of Lien affiliated with the debt from October 23, 2025, as well as email correspondence from the debt collector confirming receipt of payment of funds.

62.    Defendant Equifax failed to follow reasonable procedures to assure maximum possible accuracy because it published a balance that was materially and objectively inaccurate with a materially and objectively inaccurate account status.

63.    In February 2026, Defendant Equifax flatly refused to investigate any further, despite having the direct contact for Upgrade's attorney charged with collecting Plaintiff's debt and access to public records showing release of the lien.

64.    Defendant Equifax's procedures were unreasonable because it permitted the publication of a grossly inflated and inaccurate balance without verifying the accuracy of the information furnished by Defendant Upgrade, Inc.

65.     As a direct and proximate result of these failures, Defendant Equifax published consumer reports containing materially false information about Plaintiff.

66.     The inaccurate reporting caused Plaintiff's credit score to be artificially depressed and caused Plaintiff to appear as though he owed a large, unpaid debt that he had actually paid and satisfied.

67.     In fact, Plaintiff overpaid the debt and is due a refund in an amount of at least $500.00. To date, the $500.00 refund has not been issued to Plaintiff.

68.     On February 6, 2026, Plaintiff applied for credit with Truist Bank and was denied.

69.     Truist Bank used Plaintiff's Equifax credit report in making its decision and cited Plaintiff's "excessive obligations in relation to income" as the reason for denial.

70.     The inaccurate Upgrade tradeline reported by Equifax contributed to Plaintiff's credit score suppression and the denial of credit.

71.     As a result of Defendant Equifax's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including credit denial, emotional distress, frustration, and loss of credit opportunities.

**COUNT II**
**Willful Violation of 15 U.S.C. § 1681e(b)**
**(Against Equifax)**

72.     Plaintiff incorporates all preceding paragraphs as though fully stated herein.

73.     Defendant Equifax published materially inaccurate information about Plaintiff's Upgrade account in his consumer reports.

74.     Defendant Equifax knowingly or recklessly failed to follow reasonable procedures to assure maximum possible accuracy of the information it reported about Plaintiff.

75. Defendant Equifax published a false account balance of $10,979 and amount past due as $10,979 despite the existence of clear, objective documentation establishing that the actual balance owed was $0 and the account was paid and fully satisfied.

76. Additionally, Defendant Equifax reported the account status as a Charge Off when the account status should be: "Paid", "Satisfied", or "Paid After Charge Off".

77. Defendant Equifax possessed no records supporting the past due balance it reported and ignored the documentation Plaintiff provided demonstrating the satisfaction of the debt.

78. Defendant Equifax's willfully violated 15 U.S.C. § 1681e(b) when it directly stated it would not investigate Plaintiff's dispute.

79. Plaintiff is entitled to statutory damages, punitive damages, attorney's fees, and costs under 15 U.S.C. § 1681n.

### COUNT III
### Negligent Violation of 15 U.S.C. § 1681i(a)
### (Against Equifax)

80. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

81. Plaintiff submitted written disputes to Equifax identifying the inaccurate information and requesting correction.

82. Plaintiff's disputes included government-issued identification, proof of address, the Release of Lien, e-mail confirmation showing payment of funds, and credit report excerpts showing the inaccurate tradeline.

83. Defendant Equifax failed to conduct reasonable reinvestigations and failed to review and consider all relevant information provided by Plaintiff, as required by 15 U.S.C. § 1681i(a)(1)(A).

84.    Defendant Equifax continued to publish the false $10,979 past due balance and failed to delete or modify information that was inaccurate or could not be verified, in violation of 15 U.S.C. § 1681i(a)(5)(A).

85.    Defendant Equifax was negligent when it directly communicated to Plaintiff that it would not reinvestigate his dispute despite having the direct contact information of Upgrade's legal team.

86.    As a result of these negligent violations, Plaintiff suffered actual damages, including credit denial, credit score suppression, emotional distress, and time spent attempting to correct the errors.

87.    Plaintiff is entitled to actual damages, attorney's fees, and costs under 15 U.S.C. § 1681o.

**COUNT IV**
**Wilful Violation of 15 U.S.C. § 1681i(a)**
**(Against Equifax)**

88.    Plaintiff incorporates all preceding paragraphs as though fully stated herein.

89.    Plaintiff submitted written disputes to Defendant Equifax identifying the inaccurate Upgrade tradeline and providing documentation proving the correct balance owed.

90.    Defendant Equifax received Plaintiff's disputes and the supporting documentation, including government-issued identification, proof of address, the Release of Lien document, and email correspondence showing payment of debt, and credit report excerpts showing the inaccurate balance.

91.    Under 15 U.S.C. § 1681i(a), Defendant Equifax was required to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and to delete or correct any information that was inaccurate or could not be verified.

92.    Defendant Equifax knowingly or recklessly failed to conduct reasonable reinvestigations of Plaintiff's disputes.

93.     Defendant Equifax ignored the documentation Plaintiff provided, failed to review the underlying records establishing the correct balance, and continued to publish the false $10,979 balance, past due amount of $10,979, and inaccurate charge off account status.

94.     Defendant Equifax verified or maintained the inaccurate tradeline despite possessing no records supporting the inflated balance and despite receiving clear evidence demonstrating the correct amount owed.

95.     Defendant Equifax's violation of 15 U.S.C. § 1681i(a) were willful because they told Defendant they would not reinvestigate his dispute despite have access to public records and Upgrade's legal team confirming the debt was paid in full.

96.     Defendant Equifax's violations of 15 U.S.C. § 1681i(a) were willful.

97.     As a result of these willful violations, Plaintiff suffered actual damages, including credit denial, credit score suppression, emotional distress, and time spent attempting to correct the errors.

98.     Plaintiff is entitled to statutory damages, punitive damages, attorney's fees, and costs under 15 U.S.C. § 1681n.

**COUNT V**
**Negligent Violation of 15 U.S.C. § 1681s-2(b)**
(Against Upgrade)

99.     Plaintiff incorporates all preceding paragraphs as though fully stated herein.

100.    Defendant Upgrade, Inc. ("Upgrade") is a furnisher of information to consumer reporting agencies within the meaning of the Fair Credit Reporting Act.

101.    After Plaintiff submitted written disputes to Defendant Equifax, the consumer reporting agency transmitted notice of Plaintiff's disputes to Upgrade pursuant to 15 U.S.C. § 1681i(a)(2).

102.    Upon receiving notice of Plaintiff's disputes from the consumer reporting agency, Defendant Upgrade was required to conduct a reasonable investigation, review all relevant

information provided by the consumer reporting agency, and report the results of its investigation to the agency, as required by 15 U.S.C. § 1681s-2(b)(1)(A)–(C).

103.    Defendant Upgrade failed to conduct a reasonable investigation and failed to review the relevant information transmitted by the consumer reporting agency, including Plaintiff's documentation establishing the correct balance of $0.00.

104.    Defendant Upgrade failed to review the Release of Lien and email confirmation of payments received, as well as its own internal documents from its legal representatives confirming the debt as paid and fully satisfied. Upgrade failed to review its own online payment portal to confirm that Plaintiff satisfied his debt obligations.

105.    Defendant Upgrade negligently verified the false $10,979 balance and past due amount to Defendant Equifax despite possessing records supporting proving the debt was paid and satisfied. Defendant Upgrade erroneously confirmed the "Charge Off" account status as accurate.

106.    Defendant Upgrade's negligent verification caused the inaccurate tradeline to remain on Plaintiff's consumer reports and to continue damaging Plaintiff's credit standing.

107.    Defendant Upgrade sent Plaintiff a correspondence stating that the disputed tradeline was accurate on the same day Defendant Upgrade's legal team sent Plaintiff a correspondence confirming the debt was satisfied in whole.

108.    As a result of Defendant Upgrade's negligent violations of 15 U.S.C. § 1681s-2(b), Plaintiff suffered actual damages, including credit denial, credit score suppression, emotional distress, and time spent attempting to correct the errors.

109.    Plaintiff is entitled to actual damages, attorney's fees, and costs under 15 U.S.C. § 1681o.

**COUNT VI**
**Willful Violation of 15 U.S.C. § 1681s-2(b)**
**(Against Upgrade)**

110. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

111. Defendant Upgrade is a furnisher of information to consumer reporting agencies within the meaning of the Fair Credit Reporting Act.

112. After Plaintiff submitted written disputes to Defendant Equifax who transmitted notice of Plaintiff's disputes to Defendant Upgrade pursuant to 15 U.S.C. § 1681i(a)(2).

113. Upon receiving notice of Plaintiff's disputes, Defendant Upgrade was required under 15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation, review all relevant information provided by the consumer reporting agency, and report accurate results of its investigation.

114. Defendant Upgrade knowingly or recklessly failed to conduct a reasonable investigation of Plaintiff's disputes.

115. Defendant Upgrade knowingly or recklessly failed to review Plaintiff's payment history, settlement agreement, its only legal team's correspondence, public record, and underlying documentation reflecting Plaintiff's fully satisfied debt.

116. Despite possessing no records supporting a balance of $10,979, Defendant Upgrade knowingly or recklessly verified that false balance to Equifax.

117. Defendant Upgrade sent Plaintiff a correspondence stating that the disputed tradeline was accurate on the same day Defendant Upgrade's legal team sent Plaintiff a correspondence confirming the debt was satisfied in whole.

118. Public records confirm that Defendant Upgrade's own legal team released the lien against Plaintiff in October 2025.

119. Defendant Upgrade's own payment portal shows Plaintiff *overpaid* his debt and is actually owed a refund on the debt payments he made October 2025.

120. Defendant Upgrade's willful verification caused the inaccurate tradeline to remain on Plaintiff's consumer reports and to continue damaging Plaintiff's credit standing.

121. As a result of Defendant Upgrade's willful violations, Plaintiff suffered actual damages, including credit denial, credit score suppression, emotional distress, and time spent attempting to correct the errors.

122. Plaintiff is entitled to statutory damages, punitive damages, attorney's fees, and costs under 15 U.S.C. § 1681n.

### VI.    DEMAND FOR TRIAL BY JURY

123. Plaintiff requests a trial by jury on all issues and counts so triable under Rule 38 of the Federal Rules of Civil Procedure.

### VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants and award the following relief:

1. Actual Damages pursuant to 15 U.S.C. § 1681o(a);

2. Statutory Damages pursuant to 15 U.S.C. § 1681n(a);

3. Punitive Damages pursuant to 15 U.S.C. § 1681n(a)(2);

4. Attorneys' Fees and Costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

5. Pre-judgment and post-judgment Interest as permitted by law; and

6. Such other and further relief as the Court deems just and proper.

DATED:  March 18, 2026                                  Respectfully Submitted,


                                                        */s/ Lynn M. Mckeel*
                                                        Lynn M. Mckeel

GA Bar No.: 244409
FCRA Attorneys
12600 Deerfield Pkway, Ste. 100
Alpharetta, GA 30004
Tel: (404) 793-4880
Fax: 469-669-0786
Lynn@FCRAAttorneys.com
*Lead Counsel for Plaintiff*